IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GONZALO CONSTANTE VALVERDE,<br><br>　　　　　　Petitioner,<br><br>vs.<br><br>SHIKHA DOSANJ, Warden, et al.,<br><br>　　　　　　Defendants. | CIV. NO. 26-00061 JAO-KJM<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (ECF NO. 1) |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS
(ECF NO. 1)**

Before the Court is a Petition for Writ of Habeas Corpus pursuant to 28

U.S.C. § 2241 ("Petition") filed by Petitioner Gonzalo Constante Valverde

("Constante Valverde" or "Petitioner") challenging his detention without a bond

hearing.  ECF No. 1.  Constante Valverde is an asylum seeker from Ecuador who

is detained at the Federal Detention Center, Honolulu ("FDC Honolulu").  For the

following reasons, the Court GRANTS Constante Valverde's Petition.

## I.　　BACKGROUND

The parties do not appear to dispute the following facts, which are derived

from the current record before the Court:

Petitioner is a citizen of Ecuador, who fled the country in May 2024 and remained in Mexico for eight months awaiting an appointment with U.S. Customs and Border Protection ("CBP").  *See* ECF No. 1-1 ¶¶ 18–19; ECF No. 13-1 (Decl. of James Dold) ¶ 6.  On January 10, 2025, Petitioner applied for admission at San Ysidro, California.  *See* ECF No. 1-7 at 1; ECF No. 13-1¶ 7.  At his appointment, a CBP officer concluded that Petitioner did not possess any valid entry document and served him with a Form I-862 Notice to Appear.  *See* ECF No. 13-1 ¶ 7.  This form designated Petitioner as an "arriving alien" and ordered him to appear before an immigration judge in Miami, Florida[1] to show why he should not be removed pursuant to § 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA").  *See* ECF No. 1-7 at 1, 4; ECF No. 13-1 ¶ 7.  Still, Petitioner was issued a Form I-94 and paroled[2] into the country with an April 18, 2025 end date for parole.  *See* ECF No. 13-1 ¶ 8; ECF No. 1-8 at 1; *see also* ECF No. 1-1 ¶ 21.

In the meantime, on January 16, 2025, Petitioner filed a Form I-589 Application for Asylum and for Withholding of Removal ("Asylum Application").

---

[1] It appears that Petitioner initially moved to Florida upon his entry.  *See* ECF No. 13-1 ¶ 10.

[2]  "Parole" in this context refers to the Secretary of Homeland Security's discretion to allow inadmissible aliens to temporarily stay within the United States "for urgent humanitarian reasons or significant public benefit."  *See* 8 U.S.C. § 1182(d)(5)(A).

ECF No. 1-5 at 2.  On January 31, 2025, U.S. Citizenship and Immigration Services forwarded the Asylum Application to the Executive Office for Immigration Review for its consideration in Petitioner's removal proceedings.  *See id.* at 1.

Prior to Petitioner's detention, he moved from Florida to New York, and reported to Immigration and Customs Enforcement ("ICE") in New York.  ECF No. 13-1 ¶¶ 9–10.  Petitioner then moved to Hawaiʻi and told ICE he would be unable to attend a scheduled appointment with it in New York for that reason.  *See id.* ¶ 11.  Petitioner never filed a motion to change venue from New York to Hawaiʻi or a change of address, *see id.* ¶ 12, but allegedly attempted to report his updated address and was asked to report to the ICE office in Honolulu, *see* ECF No. 1-1 ¶ 27.  On December 1, 2025, Petitioner reported to the ICE office in Honolulu, where ICE arrested him, before placing him in FDC Honolulu, *see* ECF No. 1-4 at 1; ECF No. 13-1 ¶ 13, where he currently remains in custody.

On February 9, 2026, Constante Valverde filed the instant Petition in which he argues that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and that, even if he were, his detention without a bond hearing

3

violates due process.  *See* ECF No. 1.  Respondents[3] timely filed a response, ECF No. 13, and Petitioner a reply, ECF No. 14.  The Court held a hearing on March 3, 2026.

## II.    LEGAL STANDARD

Under § 2241, a district court is authorized to entertain the habeas petition of any individual "in custody in violation of the Constitution or laws or treaties of the United States."  *See* 28 U.S.C. § 2241(c)(3).  The habeas petitioner bears the burden of establishing entitlement to the writ.  *See Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002); *Lambert v. Blodgett*, 393 F.3d 943, 969 n.16 (9th Cir. 2004).

## III.    DISCUSSION

### A.    Jurisdiction

Respondents argue as an initial matter that 8 U.S.C. § 1252(g) and 8 U.S.C. § 1252(b)(9) separately preclude the Court's jurisdiction to consider the Petition. *See* ECF No. 13 at 10–21.  In evaluating these two provisions, the Court is guided "by the general rule to resolve any ambiguities in a jurisdiction-stripping statute in favor of the narrower interpretation, and by the strong presumption in favor of

---

[3] Respondents are Shikha Dosanj, Warden of FDC Honolulu; David Porter, acting Field Office Director for ICE; Kristi Noem, Secretary of the U.S. Department of Homeland Security; Pam Bondi, Attorney General of the United States; and Todd Lyons, Acting Director for ICE.  *See* ECF No. 1-1 ¶¶ 12–16.

judicial review." *Ibarra-Perez v. United States*, 154 F.4th 989, 995 (9th Cir. 2025) (internal quotation marks omitted).

With this in mind, the Court addresses Respondents' jurisdictional arguments before turning to the merits of the Petition.

**1.     8 U.S.C. § 1252(g)**

Respondents first argue that § 1252(g)'s plain terms deprive the Court of jurisdiction over the government's discretionary decision to commence removal proceedings.  *See* ECF No. 13 at 11.

Section 1252(g) strips a court's jurisdiction, including its § 2241 habeas jurisdiction, "to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to *commence proceedings, adjudicate cases, or execute removal orders*[.]"  *See* 28 U.S.C. § 1252(g) (emphasis added).  The Supreme Court reads § 1252(g) narrowly.  *See Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 487 (1999) ("*AADC*") ("[Section 1252(g)] applies only to three discrete actions that the Attorney General may take:  her decision or action to *commence* proceedings, *adjudicate* cases, or *execute* removal orders." (internal quotation marks omitted)); *see also Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 19 (2020).  "Instead of sweeping in any claim that can technically be said to 'arise from' the three listed actions, the provision refers to just those three specific actions themselves."

*Ibarra-Perez*, 154 F.4th at 996 (some internal quotation marks and brackets omitted) (citing *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (plurality opinion)).  "'There are of course many . . . decisions or actions that may be part of the deportation process' not implicated by § 1252(g)[.]"  *Id.* at 996 (quoting *AADC*, 525 U.S. at 482).

Although § 1252(g) was enacted to address "attempts to impose judicial constraints upon prosecutorial discretion," *AADC*, 525 U.S. at 485 n.9, federal courts retain jurisdiction "to decide a purely legal question that does not challenge the Attorney General's discretionary authority"—even if the answer to that legal question provides the legal bases for the exercise of that discretionary authority. *Ibarra-Perez*, 154 F.4th at 996 (internal quotation marks omitted) (citing *United States v. Hovsepian*, 359 F.3d 1144, 1155 (9th Cir. 2004)).  In other words, §1252(g) does not prevent a district court from exercising jurisdiction over claims that do "not arise from a decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien, but instead constitute general collateral challenges to unconstitutional practices and policies used by the agency." *See id.* at 996–98 (internal quotation marks omitted).

Here, the Petition does not fall under any of the three narrow categories contemplated by § 1252(g):  Petitioner isn't contesting the Attorney General's decision to commence proceedings, adjudicate cases, or execute removal orders. Other district courts, faced with similar petitions, have concluded the same.  *See, e.g., Rico-Tapia v. Smith*, 806 F. Supp. 3d 1166, 1176 (D. Haw. 2025) (explaining that habeas petitioner challenging constitutionality of his ICE detention was not challenging an order for removal, the commencement of proceedings, or the adjudication of cases); *Escobar Salgado v. Mattos*, 2025 WL 3205356, at *9 (D. Nev. Nov. 17, 2025) ("[B]ecause Petitioners challenge the lawfulness of their detention during the pendency of their removal proceedings, they do not challenge one of the three discrete events along the road to deportation that § 1252(g) applies to." (internal quotation marks omitted)); *B.R.F. v. Noem*, 2026 WL 84526, at *4 (D. Or. Jan. 12, 2026) (collecting cases); *Sanchez v. LaRose*, 2025 WL 2770629, at *2 (S.D. Cal. Sept. 26, 2025) ("Petitioner seeks only review of the legality of her detention, which does not require judicial intervention into the Attorney General's decisions to commence proceedings, adjudicate cases, and execute removal orders." (internal citation omitted)).  Petitioner instead raises legal questions to his continued detention rather than any challenge to the three discretionary actions

7

delineated in § 1252(g).  The Court therefore concludes that § 1252(g) is not a

jurisdictional bar to its review of the Petition.[4]

> **2.  8 U.S.C. § 1252(b)(9)**

Respondents argue that § 1252(b)(9) separately precludes judicial review.

Section 1252(b)(9) provides:

> Judicial review of all questions of law and fact, including
> interpretation and application of constitutional and statutory
> provisions, arising from any action taken or proceeding brought
> to remove an alien from the United States under this subchapter
> shall be available only in judicial review of a final order under
> this section. Except as otherwise provided in this section, no
> court shall have jurisdiction, by habeas corpus under section
> 2241 of Title 28 or any other habeas corpus provision, by section
> 1361 or 1651 of such title, or by any other provision of law
> (statutory or nonstatutory), to review such an order or such
> questions of law or fact.

8 U.S.C. § 1252(b)(9).  Unlike § 1252(g), which strips courts of jurisdiction,

§ 1252(b)(9) channels certain challenges to the Courts of Appeals via petitions for

review of final orders of removal.  But like § 1252(g), § 1252(b)(9) is read

narrowly.  *See Jennings*, 583 U.S. at 293 (explaining that a narrow construction of

"arising from" would "make claims of prolonged detention effectively

unreviewable" and thus "depriv[e] that detainee of any meaningful chance for

---

[4]  To the extent this decision contradicts the Court's conclusion in *Wang v. Derr*,
Case No. CV25-00231 JAO-RT (D. Haw. July 16, 2025), neither the attorneys for
*Wang* nor the Court had the benefit of *Ibarra-Perez* or the significant development
of the law in the district courts since then.

8

judicial review"). Section 1252(b)(9) does not present a jurisdictional bar where petitioners are not: (1) "asking for review of an order of removal"; (2) "challenging the decision to detain them in the first place or to seek removal [as opposed to the decision to deny them bond hearings]"; or (3) "challenging any part of the process by which their removability will be determined." *Nielsen v. Preap*, 586 U.S. 392, 402 (2019) (quoting *Jennings*, 583 U.S. at 294) (internal quotation marks omitted); *see also Regents of the Univ. of Cal.*, 591 U.S.at 19 ("§1252(b)(9) does not present a jurisdictional bar where those bringing suits are not asking for a review of an order of removal, the decision to seek removal, or the process by which removability will be determined."); *Gonzalez v. United States Immig. & Customs Enf't*, 975 F.3d 788, 810 (9th Cir. 2020) ("Section 1252(b)(9) is also not a bar to jurisdiction . . . because claims challenging the legality of detention pursuant to an immigration detainer are independent of the removal process.").

Here, Petitioner's claims challenging the legality of his detention are independent of, or wholly collateral to, the removal process and therefore outside of § 1252(b)(9)'s purview. Detention is "aimed at ensuring that the alien does not flee or commit a crime while his proceedings are pending," which is separate from the removal proceeding itself. *See Jennings*, 583 U.S. at 295 n.3. Petitioner is not (1) asking for review of a removal order; (2) challenging the decision to detain him in the first instance or seek removal; or (3) challenging any part of the removal

process. *See id.* at 294–95 (concluding that § 1252(b)(9) did not bar review of legal questions concerning the detention provisions of § 1225 and § 1226 where respondent's challenge did not fall into the three categories). Rather, Petitioner is contesting his detention without a bond hearing or due process.

Here, too, the weight of authority favors retaining jurisdiction. *See, e.g.*, *Rico-Tapia*, 806 F. Supp. 3d at 1176 (explaining that § 1252(b)(9) was not a jurisdictional bar to a noncitizen claiming entitlement to a bond hearing pending resolution of immigration proceedings because "a decision to detain is independent of an action taken to remove an alien"); *Escobar Salgado*, 2025 WL 3205356, at *9 ("Respondents' argument that the Court lacks jurisdiction to hear Petitioners' challenge to the lawfulness of their detention without the opportunity for release on bond under § 1252(b)(9) has been expressly rejected by the Supreme Court"); *B.R.F.*, 2026 WL 84526, at *4 (concluding that §1252(b)(9) did not preclude court's jurisdiction over petitioner's habeas challenge on due process grounds); *Sanchez*, 2025 WL 2770629, at *2 (explaining that a conclusion that § 1252(b)(9) precludes jurisdiction "would eliminate judicial review of immigration detainee's claims of unlawful detention, which the Court finds inconsistent with *Jennings v. Rodriguez* and the history of judicial review of the detention of noncitizens under 28 U.S.C. § 2241."). The Court therefore concludes that neither § 1252(g) nor § 1252(b)(9) preclude the Court's exercise of jurisdiction over the Petition.

10

**B.      Whether Detention Under § 1225(b)(2)(A) or § 1226(a) Applies**

The Court turns now to the substance of the Petition. The parties dispute whether Petitioner is subject to 8 U.S.C. § 1225 or § 1226.  The difference between the two is significant:  a noncitizen detained pursuant to § 1225 is subject to mandatory detention without entitlement to a bond hearing, whereas a noncitizen detained pursuant to § 1226 is subject to discretionary detention with the possibility of bond and greater procedural and substantive rights.

Section 1225 provides that, "in the case of an alien who is *an applicant for admission*, if the examining immigration officer determines that an alien *seeking admission* is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained[.]"  8 U.S.C. § 1225(b)(2)(A) (emphases added).  Noncitizens detained under § 1225 are *not* entitled to a bond hearing.  *See Jennings*, 583 U.S. at 297.  Section 1226, on the other hand, states that "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States" and expressly provides that the Attorney General may release the noncitizen on bond or conditional parole.  8 U.S.C. § 1226(a)(2).

Petitioner argues that he cannot be subject to mandatory detention under § 1225(b) because he was already present in the United States and therefore was not "seeking admission" to the United States.  *See* ECF No. 1-1 ¶ 30.  Respondent

counters that Petitioner is lawfully detained under § 1225(b)(2)(A) as an applicant for admission.  *See* ECF No. 13 at 21.  The Court agrees with Petitioner.

"[Section] 1225(b) applies primarily to aliens *seeking entry* into the United States."  *Jennings*, 583 U.S. at 297 (emphasis added).  In contrast, § 1226(a) applies to "certain aliens *already in the country*."  *Id.* at 281 (emphasis added); *see also Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022) ("8 U.S.C. § 1226 [] provides the general process for arresting and detaining aliens who are present in the United States and eligible for removal.").  Here, Petitioner was a noncitizen "already in the country"—he was residing in the United States for nearly a year before he was detained by ICE.

Although Respondents insist that the distinction between aliens seeking entry or admission and applicants for admission who are already in the country should be collapsed, *see* ECF No. 13 at 22, such a reading runs contrary to what *Jennings* suggests.  *See* 538 U.S. at 289 (categorizing detention for "aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)" separately from detention for "aliens already in the country pending the outcome of removal proceedings under § 1226(a)").  Further, the Government's interpretation of "seeking admission" as being essentially the same as "applicant for admission" would render the phrase "seeking admission" meaningless.  *See Corley v. United States*, 556 U.S. 303, 314 (2009) (explaining that "one of the most basic

12

interpretive canons" is that "a statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant" (internal quotation marks and brackets omitted)).

Respondents argue that a noncitizen whose parole expires returns to his status at arrival. *See* ECF No. 13 at 23. But the relevant statute explains that the noncitizen's status returns to that of an *applicant for admission*—not an alien seeking admission subject to § 1225(b) mandatory detention. *See* 8 U.S.C. § 1182(d)(5) (providing that parole of noncitizen "shall not be regarded as an admission" of noncitizen and that when parole expires, the noncitizen "shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other *applicant for admission* to the United States" (emphasis added)).

Moreover, the overwhelming majority of courts—including at least one court of appeals—have rejected Respondents' interpretation. *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–61 (7th Cir. 2025) (concluding that government unlikely to succeed on merits of argument that § 1225(b)(2)(A) covers not just noncitizens who present themselves at the borders, but also any noncitizen who is unlawfully already in the United States); *Rodriguez v. Bostock*, 802 F. Supp. 3d 1297, 1304 (W.D. Wash. 2025) ("[T]he government's position belies the statutory text of the INA, canons of statutory interpretation,

legislative history, and longstanding agency practice." (collecting cases));

*Contreras-Cervantes v. Raycraft*, 2025 WL 2952796, at *8 (E.D. Mich. Oct. 17,

2025) ("None of the Petitioners were 'arriving to the country' or found at the

border or a port of entry.  Quite the contrary, they were apprehended 'already in

the country,' after living and being present in the United States for a substantial

period of time, making Section 1226 applicable"); *see also Rico-Tapio*, 806 F.

Supp. 3d at 1179; *Valdovinos v. La Rose*, 2025 WL 3677676, at *3 (S.D. Cal. Dec.

18, 2025).  The Court likewise concludes that Petitioner's detention is

discretionary under § 1226(a).  Petitioner was therefore entitled to receive a bond

hearing at the outset of his detention.  *See Jennings*, 583 U.S. at 306 (citing 8

C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).[5]

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS Constante Valverde's

Petition for Writ of Habeas Corpus (ECF No.1).  Respondents are DIRECTED to

ensure that  Constante Valverde receives a bond hearing before an immigration

---

[5]  Petitioner also argues that, even if he were subject to mandatory detention under § 1225, his detention violates his right to due process under the Fifth Amendment of the U.S. Constitution.  *See* ECF No. 1-1 ¶ 42.  Because the Court concludes that Petitioner is not subject to mandatory detention and is therefore entitled to a bond hearing, the Court declines to reach Petitioner's due process argument.

court within 10 days of this order and shall certify their compliance with this

Court's order through a filing on the docket.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, March 5, 2026.



Jill A. Otake
United States District Judge

CIV. NO. 26-61 JAO-KJM, *Constante Valverde v. Dosanj, et al.*; Order Granting Petition for
Writ of Habeas Corpus (ECF No. 1)